McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
Attorneys for Defendant,
State Farm Life Insurance Company

| | |
|---|---|
| JOYCE AROMANDO, Individually, and as Guardian and Trustee DANIEL C. AROMANDO and JACK AROMANDO,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM LIFE INSURANCE COMPANY,<br><br>Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.: |

## CIVIL ACTION – ANSWER AND COUNTERCLAIM

Defendant, State Farm Life Insurance Company ("State Farm"), an insurance company maintaining its principal place of business at One State Farm Plaza, Bloomington, Illinois, by and through its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of answer to the Complaint of plaintiffs, Joyce Aromando, Individually, and as Guardian and Trustee for Daniel C. Aromando and Jack Aromando (Daniel C. and Jack Aromando are hereinafter referred to, jointly, as the "Minor Children"), says as follows:

1. Defendant admits the allegations contained in paragraph 1, except that Defendant denies information sufficient to form a belief as to whether Joyce Aromando is the Guardian and Trustee of the Minor Children; by way of further answer Defendant states that Joyce Aromando

has a conflict of interest with the Minor Children in the outcome of this litigation that precludes her from acting as Guardian for the Minor Children for purposes of this litigation.

2. Defendant admits the allegations in paragraph 2.

3. Defendant admits the allegations in paragraph 3, except that to clarify Defendant states that the in the application Decedent named "all children of said marriage" as Successor Beneficiary, and that the Minor Children were not specifically named as beneficiaries in the application.

4. Defendant admits the allegations in paragraph 4, except that Defendant denies that the Dual Final Judgment of Divorce was entered on April 3, 2014, and by way of further answer, states that the Dual Final Judgment of Divorce was entered by the court on October 22, 2014; the Dual Final Judgment of Divorce incorporates a Property Settlement Agreement executed by plaintiff, Joyce Armando on April 24, 2014, and by Decedent on May 8, 2014.

5. Defendant denies the allegations contained in paragraph 5, and by way of further answer, Defendant states that it is obligated under the Policy to pay the Death Benefit to the lawful and proper beneficiary, and as a result of the actual or potential conflicting claims between Joyce Aromando and the Minor Children it is unsure of the identity of the lawful beneficiary.

6. Defendant refers to incorporates all the terms and provisions of the Property Settlement Agreement and Dual Final Judgment of Divorce in response to paragraph 6.

7. Defendant admits the allegations contained in paragraph 7, except that the Defendant denies information sufficient to form a belief as to the truth or falsity the allegation that Joyce Aromando paid the insurance premiums.

8. Defendant admits that Decedent died on October 3, 2016, while the policy was in

force, and denies information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 8.

9.  Defendant admits that following the death of Decedent, Joyce Aromando submitted documentation in support of a claim seeking payment of the Death Benefit payable under the Policy, and denies the remaining allegations contained in paragraph 9.

10. Defendant admits that following the death of Decedent, Plaintiff Joyce Aromando submitted claim forms in support of a claim seeking payment of a portion of the Death Benefit to the Minor Children; and Defendant further admits that it has paid $50,000 of the death benefit, plus interest, to a UTMA account in the name of Daniel C. Aromando, and that it has paid $50,000 of the death benefit, plus interest, to a UTMA account in the name of defendant Jack Aromando; State Farm further admits that it has not paid the remaining $400,000 of the death benefit as it is unsure who the lawful and proper beneficiary is as to that portion of the death benefit; unless specifically admitted the remaining allegations contained in paragraph 10 of denied.

**WHEREFORE**, State Farm seeks judgment dismissing the complaint, attorney fees, costs of suit and such other relief as this Court deems equitable and just.

### AFFIRMATIVE/SEPARATE DEFENSES

1.  The complaint fails to state a claim upon which relief may be granted.

2.  The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of estoppel.

3.  The causes of action and/or relief sought should be barred and/or precluded by virtue of each cause of action asserted in the counterclaim.

## COUNTERCLAIM FOR INTERPLEADER RELIEF ON BEHALF OF DEFENDANT STATE FARM LIFE INSURANCE COMPANY

State Farm, by way of Counterclaim for Interpleader against Joyce Aromando and the Minor Children alleges and says as follows:

### NATURE OF THE ACTION

1. This action involves the entitlement to life insurance benefits arising from the death of Daniel Aromando, deceased ("Decedent"). As a result of actual and/or potentially conflicting claims to the death benefit under the subject policy, State Farm seeks interpleader relief.

2. Decedent maintained a primary residence and domicile located at 72 East Cedar Street, Livingston, New Jersey.

3. Decedent died in the state of New Jersey on October 3, 2016.

### JURISDICTION AND VENUE

4. State Farm is a corporation duly organized under the laws of the State of Illinois, and maintains its principal place of business at One State Farm Plaza, Bloomington, Illinois, 61710. State Farm is a citizen of the State of Illinois within the meaning and intent of 28 U.S.C. § 1332.

5. Joyce Aromando is the Decedent's former spouse and maintains her primary residence and domicile at 39 Cobblewood Road, Livingston, New Jersey, and is a citizen of the State of New Jersey within the meaning and intent of 28 U.S.C. § 1332.

6. Daniel C. Aromando is Decedent's minor child and maintains his primary residence and domicile in Livingston, New Jersey 07039, and is a citizen of the State of New Jersey within the meaning and intent of 28 U.S.C. § 1332.

7. Jack Aromando is Decedent's minor child and maintains his primary residence and domicile in Livingston, New Jersey 07039, and is a citizen of the State of New Jersey within the meaning and intent of 28 U.S.C. § 1332.

8. The Court maintains jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00, and State Farm and the conflicting claimants are citizens of different states.

9. Venue is proper in the United States District Court, District of New Jersey, as it is a judicial district where one or more of the parties resides.

## **CLAIM FOR INTERPLEADER**

10. State Farm issued a policy of adjustable premium term life insurance bearing policy number LF-2621-5491 with a policy date of December 12, 2008 to the Decedent as both Owner and Insured (the "Policy").

11. The death benefit under the Policy is $500,000.00 ("Death Benefit").

12. The Policy provides, in part:

> Beneficiary Designation. This is as shown in the Application, unless you have made a change by Request. It includes the name of the Beneficiary. If you name "estate" as a beneficiary, it means the executors or administrators of the last survivor of you and all beneficiaries. If you name "children" of a person as a beneficiary, only children born to or legally adopted by that person will be included. We may rely on an affidavit as to the ages, names, and other facts about all beneficiaries. We will incur no liability if we act on such affidavit.

13. In the Policy application Decedent designated his then spouse, Joyce Aromando, as Primary Beneficiary to receive the Death Benefit.

14. In the Policy application Decedent designated "all children of said marriage" as Successor Beneficiary to receive the Death Benefit.

15. Pursuant to a Dual Final Judgment of Divorce entered by the Superior Court of New Jersey, Chancery Division, Essex County, on October 22, 2014, Decedent and Joyce Aromando were divorced.

16. The Dual Final Judgment of Divorce incorporates a Property Settlement Agreement (the "Agreement").

17. The Agreement entered into by Decedent and Joyce Aromando identified the Minor Children as children of the marriage.

18. The Agreement entered into by Decedent and Joyce Aromando provided that Joyce Aromando was to be named owner of the Policy, and the children were to be named as beneficiaries as to $100,000 of the Death Benefit. It stated:

> **2.5 Life Insurance for the Benefit of the Unemancipated Children.** For so long as the children are unemancipated, Husband agrees to provide $100,000 of life insurance on his life for the benefit of the parties' unemancipated children, naming the children as beneficiaries and Wife as trustee for the children's benefit. Husband shall name Wife as owner of his existing State Farm policy with a face value of $500,000 and Wife shall be 100% responsible for the cost of the life insurance; however, Husband shall make payment of 1/5 of the cost of the policy ($14) to Wife per month. The existing State Farm policy satisfies Husband's obligation to provide life insurance.

19. Decedent died on October 3, 2016.

20. Ownership of the Policy was never transferred to Joyce Aromando as contemplated in the Agreement, nor was the beneficiary changed.

21. Pursuant to N.J.S.A. 3B:3-14(a)(1)(a), a divorce revokes any revocable disposition made by a divorced individual to his former spouse in a life insurance policy, except as otherwise expressly provided.

22. On information and belief, at the date of death of the Decedent, pursuant to N.J.S.A. 3B:3-14(a)(1)(a) Decedent's designation of defendant Joyce Aromando as sole primary beneficiary made prior to the divorce was revoked, and the Minor Children became eligible for payment of the full Death Benefit payable under the policy.

23. On October 24, 2016, following the death of Decedent, Joyce Aromando submitted documentation in support of a claim seeking payment of the Death Benefit.

24. On January 20, 2017, following the death of Decedent, Joyce Aromando submitted claim forms in support of a claim seeking payment of a portion of the Death Benefit to the each of the Minor Children.

25. State Farm has paid $50,000 of the death benefit, plus interest, to a UTMA account in the name of Daniel C. Aromando.

26. State Farm has paid $50,000 of the death benefit, plus interest, to a UTMA account in the name of Jack Aromando.

27. Joyce Aromando claims entitlement to the remaining $400,000 of the Death Benefit pursuant to the terms of the Agreement.

28. Upon information and belief, the Minor Children do and/or may, claim an entitlement to the remaining $400,000 of the Death Benefit pursuant to the revocation of the primary beneficiary designation to Joyce Aromando pursuant to N.J.S.A. 3B:3-14(a)(1)(a).

29. State Farm is unable to determine the validity of the potential conflicting claims for the payment of the remainder of the Death Benefit arising under the Policy. State Farm

asserts no claim to or interest in the Death Benefit arising under the Policy except to the extent that payment of the proceeds discharges any and all obligations State Farm will owe to any party arising out the Decedent's death and the Death Benefit payable as a consequence thereof under the Policy.

30. State Farm seeks, by way of this interpleader complaint, certainty regarding the parties' respective rights to the Death Benefit and its obligations under the Policy.

31. Based upon the foregoing, there is presently an actual, justiciable controversy as to the Death Benefit, in whole or in part, and State Farm, as a disinterested stakeholder, is entitled to the relief requested herein.

32. State Farm is unsure of the proper and lawful beneficiary of the Death Benefit given the actual or potential conflicting claims. State Farm fears that the payment of the Death Benefit to any one claimant will subject it to additional liability to other claimants who may file claims seeking payment of the Death Benefit to the exclusion of all other claimants.

33. As a mere stakeholder initiating this interpleader action, State Farm is entitled to recover its reasonable attorneys' fees, costs of court, and expenses incurred as a result of these proceedings, and State Farm seeks recovery for such fees, costs and expenses in this action.

**WHEREFORE**, State Farm demands judgment against Counterclaim Defendants Joyce Aromando and the Minor Children, and each of them, for the following relief:

(a) an order appointing a *guardian ad litem* for the minor children, Counterclaim Defendants Daniel C. Aromando and Jack Aromando;

(b) An order granting State Farm's request for interpleader relief;

(c) An order declaring, endorsing, and adjudging State Farm's payment of $50,000, plus interest, of the Death Benefit to each of Counterclaim Defendants Daniel C. Aromando and

Jack Aromando was lawful and proper under the terms of the Policy and applicable law;

(c) An order declaring and adjudging the lawful and proper beneficiary or beneficiaries of the remaining $400,000 of the Death Benefit payable under the Policy on account of the death of the Decedent;

(c) An order compelling each of the Counterclaim Defendants to adjudge, settle and/or litigate among each other their respective and lawful entitlement to all or a portion of the Death Benefit payable under the Policy on account of the death of the Decedent;

(d) An order awarding State Farm its attorneys' fees and costs, to be paid from the Death Benefit, and permitting and directing State Farm to make payment of the remaining portion of the Death Benefit to the Clerk of the Court to be deposited into an interest bearing account until further order of the Court;

(e) An order declaring and adjudging that upon State Farm's payment of the remaining portion of the Death Benefit to the Clerk of the Court, State Farm shall be wholly and completely discharged and absolved from any further liability, of whatsoever nature, to each of the parties hereto and any other claimant to the Death Benefit;

(f) An order permanently restraining and enjoining the parties hereto from instituting and/or prosecuting any other suit, cause of action or civil proceeding in any state, federal or other court of competent jurisdiction against State Farm seeking the Death Benefit or asserting claims arising under the Policy as a consequence of the death of the Decedent; and

(g) An order releasing and discharging State Farm, its employees, agents, representatives, predecessors and successors in interest, parents, subsidiaries, and assigns from and against any and all liability, suits, debts, judgments, dues, sums, and/or causes of action whether at law or in equity, to any person, entity, claimant, party to this action or otherwise for

any and all claims arising under or pursuant to the Policy as a consequence of the death of the Decedent.

                         **McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
Attorneys for Defendant/Counterclaim Plaintiff,
State Farm Life Insurance Company

By: _____
        Louis P. DiGiaimo

3283694