NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOYCE AROMANDO, Individually, and Guardian and Trustee for the Infants, DANIEL C. AROMANDO and JACK AROMANDO | : : : : | |
| Plaintiffs | : : | **Civil Action No. 17-02418 (SRC)** |
| v. | : : | **OPINION** |
| STATE FARM LIFE INSURANCE COMPANY | : : | |
| Defendant. | : | |

**CHESLER,** District Judge

    This matter comes before the Court on a motion for summary judgment by Plaintiff Joyce Aromando (Docket No. 6), and a cross motion for interpleader relief and attorneys' fees by Defendant State Farm Life Insurance Company (Docket No. 10).

    The Court has reviewed the papers filed by the parties, and will rule on the two motions without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Plaintiff's motion for summary judgment is granted and Defendant's cross motion for interpleader and attorneys' fees is denied with prejudice.

    **I.**    **Background**

    In 2008, Daniel Aromando ("Decedent") applied to be the owner and insured of a $500,000 adjustable premium life insurance policy issued by Defendant. While applying for the policy, Decedent designated Plaintiff, to whom he was married at the time, as the primary beneficiary and Plaintiff's two children as successor beneficiaries. In 2014, Decedent and

Plaintiff divorced, pursuant to a dual judgment of divorce entered by the Superior Court of New Jersey, Chancery Division of Essex County. The divorce incorporated a settlement agreement, which stated in relevant part that:

> "For so long as the children are unemancipated, Husband agrees to provide $100,000 of life insurance on his life for the benefit of the parties' unemancipated children, naming the children as beneficiaries and Wife as trustee for the children's benefit. Husband shall name Wife as owner of his existing State Farm policy with a face value of $500,000 . . . The existing State Farm policy satisfies Husband's obligation to provide life insurance." Exhibit B, Docket No. 6.

Subsequent to the divorce, ownership of the policy was never transferred to Plaintiff, nor were the beneficiary designations changed. In 2016, while the life insurance policy was in full effect and while Plaintiff's children were unemancipated, Decedent passed away. Plaintiff subsequently submitted to Defendant due notice and proof of death of the insured, and sought payment of $500,000 in life insurance benefits under the terms of the policy. In 2017, Defendant paid $100,000 of the claim to an account held by Plaintiff as custodian for Plaintiff's children. This payment to the unemancipated children appears to satisfy the $100,000 life insurance provision contained in the divorce settlement agreement. When Defendant refused to pay Plaintiff the $400,000 balance of the life insurance benefits, Plaintiff brought suit for breach of contract. Plaintiff's present motion for summary judgment (Docket No. 6) seeks to compel Defendant to pay Plaintiff the balance of the life insurance policy.

In its cross motion for interpleader, Defendant states that it is a disinterested stakeholder in possession of life insurance benefits that are subject to potential and actual competing claims between Plaintiff and Plaintiff's children. Because Defendant states that it cannot determine the rightful beneficiaries to these proceeds, Defendant requests interpleader relief, to deposit the benefits with the Clerk of the Court, to have the Court determine which party receives the

remainder of the life insurance benefits, to be discharged from all liability, and to be awarded attorneys' fees and costs associated with seeking interpleader relief.

**II.    Analysis**

For the reasons discussed below, the Court will grant Plaintiff's motion for summary judgment and deny Defendant's cross motion for interpleader relief and attorneys' fees and costs.

   **a.  Legal Standard for Summary Judgment**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party must support their motion by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c).

The moving party bears the burden of showing no genuine issue of material fact, and the nonmovant opposes the motion by presenting affirmative evidence to the contrary. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256–57 (1986); Mitchell v. MacMinn, 2010 WL 2667419 (D.N.J. 2010). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

In light of this standard, the Court should grant Plaintiff's motion for summary judgment if there is no genuine dispute of a material fact that Defendant breached the life insurance contract by failing to pay Plaintiff the $400,000 balance from Decedent's life insurance policy.

### b. Validity and Enforceability of the Decedent's Life Insurance Policy

In deciding Plaintiff's motion for summary judgment, the Court must evaluate whether there is any genuine dispute regarding the validity or enforceability of the underlying life insurance policy.

Under New Jersey law, "a plaintiff must allege three elements to state a cause of action for breach of contract: (1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach. Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012). The Court must first make a "determination as to whether an ambiguity exists," which is an issue of law. Emerson Radio Corp. v. Orion Sales, Inc., 253 F.3d 159, 163 (3d Cir. 2001). In the context of a motion for summary judgment for breach of contract, the motion should be granted only if "the contract is so clear that it can only be read one way." Pennbarr Corp. v. Ins. Co. of N. Am., 976 F.2d 145, 149 (3d Cir. 1992). "Where the terms of the contract are clear," however, "the court must enforce those terms as written." Atl. City Racing Ass'n v. Sonic Fin. Corp., 90 F. Supp. 2d 497, 506 (D.N.J. 2000).

Defendant does not dispute that it entered a valid life insurance contract with Decedent in 2008, in which Plaintiff was named as primary beneficiary, nor does Defendant dispute that the terms of this life insurance contract are ambiguous. Defendant likewise does not dispute that Plaintiff would suffer damages if she does not receive life insurance benefits to which she is otherwise entitled to under the terms of the contract. Rather, Defendant has filed for interpleader relief because it argues that it is unclear to whom the life insurance benefits are entitled, in light

of the potential application of New Jersey Statutes Annotated 3B:3-14, titled "Revocation of probate and non-probate transfers by divorce or annulment; revival by remarriage to former spouse." The statute states in relevant part:

> a. Except as provided by the express terms of a governing instrument, a court order, or a contract relating to the division of the marital estate made between the divorced individuals before or after the marriage, divorce or annulment, a divorce or annulment:
>
> (1) revokes any revocable:
>
> (a) dispositions or appointment of property made by a divorced individual to his former spouse in a governing instrument and any disposition or appointment created by law or in a governing instrument to a relative of the divorced individual's former spouse; . . .
>
> b. For purposes of this section: (1) "divorce or annulment" means any divorce or annulment, or other dissolution or declaration of invalidity of a marriage including a judgment of divorce from bed and board; (2) "governing instrument" means a governing instrument executed by the divorced individual before the divorce or annulment; . . .

In short, Defendant argues that N.J.S.A. 3B:3-14 may revoke Decedent's designation of Plaintiff as primary beneficiary of the life insurance benefits, and thus expose Defendant to legal action from Plaintiff's children, who were designated successor beneficiaries under the policy. As the statute indicates, however, this revocation of transfers by divorce does not apply when there is a valid "governing instrument, a court order, or a contract."

Defendant does not dispute the validity and enforceability of the divorce and settlement agreement entered into between Decedent and Plaintiff during their divorce in 2014, which names Plaintiff as the owner of the underlying life insurance policy. By its terms, the 2014 divorce and settlement agreement divides the marital estate between Decedent and Plaintiff, and names the Plaintiff as the owner of the life insurance policy. The agreement was placed on the record in April 2014, and the Superior Court of New Jersey appears to have incorporated this

5

agreement in its court order issuing a dual judgment of divorce in October 2014. Accordingly, this divorce agreement constitutes a valid exception to N.J.S.A. 3B:3-14 for a "court order, or a contract relating to the division of the marital estate." As a result, the divorce in 2014 did not revoke, under N.J.S.A. 3B:3-14, Decedent's designation of Plaintiff as primary beneficiary of the life insurance benefits.

Besides the potential application of N.J.S.A. 3B:3-14, the parties raise no other genuine dispute as to the breach of contract, or as to the validity, enforceability or interpretation of the life insurance policy. Since N.J.S.A. 3B:3-14 does not apply, the Court is thus bound to enforce the written terms of the life insurance contract, which require that Defendant pay the primary beneficiary Plaintiff the sum of $500,000 on proof of death of the insured Decedent during the term of the policy. Accordingly, the Court grants Plaintiff's motion for summary judgment to compel Defendant to pay Plaintiff the $400,000 balance of Decedent's life insurance benefits.

### c. Interpleader Relief and the Award of Attorneys' Fees are Not Appropriate

In the equitable remedy of interpleader, the moving party is a "stakeholder that admits it is liable to one of the claimants, but fears the prospect of multiple liability. Interpleader allows the stakeholder to file suit, deposit the property with the court, and withdraw from the proceedings." Metro. Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007). Interpleader may be brought in federal court under two different procedural devices: 28 U.S.C. § 1335 or Federal Rule of Civil Procedure 22. Id. When evaluating whether to grant interpleader relief, the Court "must determine whether the interpleader complaint was properly brought and whether to discharge the stakeholder from further liability to the claimants." For an interpleader to be properly brought, there must be "two or more claimants to the fund who are 'adverse" to each other." New Jersey Sports Prods., Inc. v. Don King Prods., Inc., 15 F. Supp. 2d 534, 539 (D.N.J.

1998). This requirement is not satisfied where "one of the claims clearly is devoid of substance." Id.

The only argument Defendant raises regarding its potential exposure to competing legal claims to the life insurance benefits is that the 2014 divorce may have statutorily revoked Plaintiff as the primary beneficiary, pursuant to N.J.S.A. 3B:3-14. For the reasons stated above, however, this statute does not apply, as the divorce and settlement agreement falls squarely within the statutory exception for a "court order, or a contract relating to the division of the marital estate." Defendant presents no other basis for why its contractual obligation to Plaintiff, as Decedent's primary beneficiary under a valid life insurance contract, would be subject to competing claims. As such, the Court determines that Defendant's interpleader motion (Docket No. 10) was not properly brought, and denies Defendant's motion.

With regard to Defendant's motion for attorneys' fees, it is within the discretion of the court whether to award an interpleader plaintiff attorneys fees and costs. Metropolitan Life Ins. Co. v. Kubichek, 83 Fed.Appx. 425, 431 (3d Cir. 2013); *see also* Prudential Ins. Co. of Am. v. Richmond, 2007 WL 1959252, at *4 (D.N.J. July 2, 2007). As Defendant's interpleader was not properly brought, the Court, in its discretion, denies Defendant's motion for attorneys' fees and related costs related to seeking interpleader relief.

   /s Stanley R. Chesler, U.S.D.J.   
**STANLEY R. CHESLER**
United States District Judge